WEIMER, J.,
concurs in the denial and assigns reasons.
1,1 agree with the concurrences of my colleagues that emphasize the role of the trial judge in ensuring the law is followed, even when that law, as in the case of permitting back strikes,[1] is time-consuming in its implementation. The failure to allow statutorily mandated back strikes seems disproportionately systemic within certain divisions of one jurisdiction.
I write separately to point out that all participants in the judicial process have a responsibility to follow the rule of law. Although demanding adherence to the law is and remains the primary responsibility of the trial judge, the State also has an obligation to ensure that the dictates of the law are followed. In this case, it appears the'State may have been complicit in the trial judge’s refusal to allow back strikes, even going so far as to remind the judge that he had prohibited back strikes over defense objection at the outset of jury selection. (“And I’m pretty sure the judge said ‘no back strikes’ at the beginning of trial.”). The end result in this instance is an overturned verdict, which could have been avoided simply by acknowledging the requirements of the law.

. See La.C.Cr.P. art 799.1. See also La.Const, art. I, § 17.